LOTTINGER, Judge,
concurring.
The majority opinion apparently bases reversal of summary judgment in favor of Bituminous on the premise that the garage door was not operable electrically and manually at the time of the accident.
However, the policy definition states in part that operations are deemed completed when the portion of the work out of which the injury arises has been put to its intended use by any person other than another contractor or subcontractor working on the same project. The portion of the work which caused Clark’s injury was the spring to the garage door. This spring was used to open the door electrically and manually. Thus, the intended use of the door spring does not depend on the proper functioning of the electric operator. If the garage door was in fact operated manually, then the spring, which was the portion of the work out of which the injury arose, would have been put to its intended usage, and operations would be deemed completed under the policy definition.
Nonetheless, because one deponent stated that he was able to open the garage door manually, and another deponent stated that he was not, I believe that whether the garage door was operable manually at the time of the accident is a genuine issue of material fact which bears significantly on whether operations were deemed completed pursuant to sub-part three of the policy definition.
Accordingly, I concur in the result reached by the majority.